UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN SARGENT, BY HIS GUARDIAN, KAREN WELTER, | CIVIL ACTION NO.: 18-2697 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| ARCTIC GLACIER U.S.A., INC., | |
| Defendant. | |

Plaintiff, Steven Sargent ("Plaintiff"), through his guardian, Karen Welter ("Guardian"), brings this action against Arctic Glacier U.S.A., Inc. ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21, et seq. ("MFLSA"), the Minnesota Payment of Wages Act, Minn. Stat. § 181.01, et seq. ("PWA") and/or Minnesota common law. Plaintiff states the following as his claims against Defendant:

**I.**

**OVERVIEW**

1.  Plaintiff brings claims to recover unpaid compensation under § 216(b) of the FLSA.

2.  Plaintiff also brings claims to recover unpaid wages under the MFLSA, Minn. Stat. § 177.24.

3.  Plaintiff brings claims to recover unpaid wages under the PWA, Minn. Stat. § 181.101.

4.  Plaintiff brings claims to recover unpaid wages under Minnesota common law.

## II.

## THE PARTIES

**Plaintiff**

5.      Plaintiff Steven Sargent is a citizen of the United States domiciled in Saint Paul, Minnesota.  Plaintiff is employed by Arctic Glacier U.S.A., Inc. as an hourly or non-salaried worker, specifically a production associate, in the West Saint Paul facility.  Plaintiff has worked at the West Saint Paul facility since approximately May 19, 1987.  Karen Welter is the sister and legal guardian of Steven Sargent and is domiciled in North Port, Florida.

6.      Plaintiff is an employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1); the MFLSA, Minn. Stat. §§ 177.23 and 177.24; and/or PWA, Minn. Stat. §181.101.

7.      This action is brought under the FLSA for failure to pay the federally mandated minimum wage.

8.      This action is brought to remedy violations of the MFLSA for failure to pay Plaintiff the state mandated minimum wage.

9.      This action is brought to remedy violations of the PWA for failure to timely pay Plaintiff's wages.

10.     This action is brought under Minnesota common law for breach of contract and failure to pay wages earned by Plaintiff.

**Defendant**

11. Defendant Arctic Glacier U.S.A., Inc. is a Delaware corporation with its principal place of business in West Saint Paul, Minnesota. Defendant operates approximately five locations in Minnesota, including the West Saint Paul facility where Plaintiff works. Defendant is a company that produces and distributes ice.

12. Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

13. Plaintiff is an individual employee engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 206.

14. At all relevant times, Defendant is, and has been, the "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d); the MFLSA, Minn. Stat. §§ 177.23 and 177.24; and the PWA, Minn. Stat. § 181.171.

15. The acts charged in this Complaint as having been done by the Defendant occurred in Minnesota and were authorized, ordered or done by its officers, agents, employees, or representatives, while actively engaged in the management of Defendant's Minnesota business.

### III.

### JURISDICTION

16. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 206(a) of the FLSA. Additionally, this Court has

personal jurisdiction over Defendant, because Defendant conducts business in the District of Minnesota.

17. The Court also has supplemental jurisdiction, pursuant to 29 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

## IV.

## VENUE

18. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), as Defendant is domiciled within this District, and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District.

## V.

## FACTS

19. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

20. Plaintiff is employed by Defendant as an hourly or non-salaried production associate.

21. Plaintiff's agreed-upon hourly wage was $9.00 from August 1, 2015 to July 31, 2016; $9.50 per hour from August 1, 2016 to December 31, 2017; and $9.65 per hour from January 1, 2018 to present.

22. Defendant regularly had Plaintiff work for less than minimum wage.

23. Plaintiff was not compensated in accordance with the FLSA and/or the MFLSA because he was not paid minimum wage for the hours he worked.  Specifically, Defendant had Plaintiff work three and three-quarter (3.75) hours daily while, in certain workweeks during

2016, 2017 and 2018, paying Plaintiff for fewer than three and three-quarter (3.75) hours per day.

24. Defendant is aware, or should have been aware, that Plaintiff performed work for more hours than Defendant paid Plaintiff. Plaintiff performed work in or around Defendant's facility.

25. As a part-time employee, Plaintiff regularly worked three and three-quarter (3.75) hours per day, five (5) days per week.

26. Defendant failed to keep accurate records of the number of hours Plaintiff worked each day and in each workweek.

27. Plaintiff, through his Guardian, demanded payment of Plaintiff's unpaid wages on or about April 2, 2018.

## VI.

## CAUSES OF ACTION

### COUNT I – FAILURE TO PAY MINIMUM WAGES
### FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201, et seq.

28. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

29. The FLSA, 29 U.S.C. § 206, requires employers to pay employees at least the minimum wage of $7.25 per hour.

30. Defendant routinely had Plaintiff work without being paid at least minimum wage for the hours worked as required by the FLSA, 29 U.S.C. § 206, and its implementing regulations.

31. Defendant's failure to comply with the FLSA minimum wage caused Plaintiff to suffer loss of wages and interest thereon.

32. Plaintiff is entitled to unpaid wages, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT II – FAILURE TO PAY MINIMUM WAGES
## VIOLATION OF THE MINNESOTA
## FAIR LABOR STANDARDS ACT – Minn. Stat. § 177.21, et seq.

33. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

34. Plaintiff is an employee of Defendant within the meaning of the MFLSA, Minn. Stat. §§ 177.23 and 177.24.

35. Defendant meets the definition of a large employer under MFLSA, Minn. Stat. § 177.24.

36. The MFLSA, Minn. Stat. § 177.24, requires employers to pay employees no less than the minimum wage. The minimum wage for employees of a large employer was $9.00 per hour between August 1, 2015 and July 31, 2016; $9.50 per hour between August 1, 2016 and December 31, 2017; and $9.65 per hour starting January 1, 2018.

37. Defendant violated the MFLSA when Defendant paid Plaintiff less than the minimum wage.

38. Defendant is liable to Plaintiff for unpaid wages, compensatory damages, liquidated damages, attorneys' fees, costs and disbursements pursuant to the MFLSA.

39. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

### COUNT III – FAILURE TO KEEP RECORDS
### VIOLATION OF THE MINNESOTA
### FAIR LABOR STANDARDS ACT – Minn. Stat. § 177.21, et seq.

40. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

41. Plaintiff is an employee of Defendant within the meaning of the MFLSA, Minn. Stat. § 177.30.

42. Defendant is an employer within the meaning of the MFLSA, Minn. Stat. § 177.30.

43. Defendant violated the MFLSA when Defendant repeatedly failed to keep accurate records of the number of hours Plaintiff worked each day and in each workweek.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

45. Defendant is liable to Plaintiff for unpaid wages, compensatory damages, liquidated damages, attorneys' fees, costs, disbursements and all penalties pursuant to the MFLSA.

### COUNT IV – BREACH OF CONTRACT
### WORKING OFF-THE-CLOCK

46. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

47. Defendant employs Plaintiff as an hourly-paid employee and pays Plaintiff a fixed wage rate.

48. Plaintiff accepted the terms and conditions of employment when he began working for Defendant.

49. Defendant breached the employment agreement by failing to pay Plaintiff for all hours worked in accordance with Minnesota law.

50. Plaintiff performed work expecting to be compensated.

51. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

### COUNT V – FAILURE TO PAY WAGES TIMELY
### VIOLATION OF THE MINNESOTA
### PAYMENT OF WAGES ACT – Minn. Stat. § 181.01, et seq.

52. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

53. Plaintiff is an employee of Defendant within the meaning of the PWA, Minn. Stat. §181.101.

54. As an employer in Minnesota, Defendant must pay employees all wages earned within thirty-one (31) days of employee earning the wages pursuant to Minn. Stat. §181.101.

55. Plaintiff's wages were earned and unpaid because Defendant did not pay Plaintiff at his agreed-upon rate of pay and at the minimum rate required by law for all of the time he worked.

56. Defendant failed to pay Plaintiff all of the wages he earned within thirty-one (31) days of earning the wages as required by the PWA, Minn. Stat. §181.101.

57. Defendant failed to pay Plaintiff after Plaintiff demanded wages through his Guardian on or about April 2, 2018.

58. The foregoing conduct constitutes a violation of the Minnesota Payment of Wages Act within the meaning of Minn. Stat. §181.101.

59. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

60. Defendant is liable to Plaintiff for unpaid wages, compensatory damages, an award equal to Plaintiff's average daily earnings for fifteen (15) days, attorneys' fees, costs, disbursements and all penalties pursuant to the PWA.

## COUNT VI – UNJUST ENRICHMENT

61. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

62. At all times material to this Complaint, Defendant knew or should have known that Plaintiff was working for Defendant three and three-quarter (3.75) hours daily, five days per week on Defendant's premises.

63. Plaintiff performed many hours of work for Defendant's benefit without being fully compensated.  Defendant accepted the benefit but did not fully compensate Plaintiff.

64. Defendant knew of and appreciated the benefit conferred upon it by its retention of the Plaintiff's property.

65. It would be inequitable for Defendant to retain the benefits of Plaintiff's work without compensation, and Plaintiff is entitled to the relief set forth hereafter.

## COUNT VII – QUANTUM MERUIT

66. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

67. Due to Plaintiff working without receiving full compensation, Defendant enjoyed reduced overhead and realized additional profits to the detriment of Plaintiff.  For Defendant to

retain the benefits would be contrary to fundamental principles of justice, equity and good conscience.

68.     Defendant is liable to Plaintiff in an amount equal to benefits Defendant unjustly retained.

69.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

1.      Judgment that Plaintiff is entitled to the minimum wage protections under the FLSA;

2.      Judgment against Defendant for violation of the minimum wage protections of the FLSA;

3.      Judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of the MFLSA;

4.      Judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of the PWA;

5.      Judgment that Defendant's conduct as described herein be determined and adjudicated to be in violation of Minnesota common law;

6.      An award to Plaintiff in the amount of unpaid wages, compensatory damages and liquidated damages;

7.      An award equal to Plaintiff's average daily earnings for fifteen (15) days pursuant to Minn. Stat. §181.101;

8.      An award of pre- and post-judgment interest;

9. An award of reasonable attorneys' fees;

10. An award of costs and disbursements;

11. An imposition of statutory penalties upon Defendant pursuant to Minn. Stat. §177.30; and

12. Such further relief as the Court deems just and equitable.


Dated:  September 18, 2018           **MID-MINNESOTA LEGAL AID**
                                     **MINNESOTA DISABILITY LAW CENTER**

                                     /s/ Kristina Petronko
                                     Kristina Petronko, Attorney No. 398498
                                     Justin H. Perl, Attorney No. 151397
                                     430 First Avenue North, Suite 300
                                     Minneapolis, MN  55401
                                     Telephone/Facsimile:  (612) 746-3733
                                     kpetronko@mylegalaid.org
                                     jperl@mylegalaid.org

                                     ***Attorneys for Plaintiff***